1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT
6        FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8   ARON DOUGLAS CASTLIN,              )      No. C 06-0050 JSW (PR)
                                       )
9            Plaintiff,                )      ORDER REVIEWING
                                       )      COMPLAINT AND REMANDING
10    v.                               )      CASE TO DEL NORTE COUNTY
                                       )      SUPERIOR COURT
11  RICHARD J. KIRKLAND, JEANNE        )
    S. WOODFORD, T. GAMBOA, C.         )
12  CULTER, S. C. WHEELER, M. D.       )      (Docket No. 2)
    CASTELLAW, C. POLK, R. FLOTO,      )
13  N. GRANNIS,                        )
                                       )
14           Defendants.               )
    _____   )
15
16
17         On October 5, 2005, Plaintiff, an inmate at Pelican Bay State Prison, filed this *pro*
18  *se* civil rights complaint in Del Norte County Superior Court.  Plaintiff's complaint
19  alleges property claims arising under state and federal law.  On January 5, 2006,
20  Defendants removed the case to federal court pursuant to 28 U.S.C. § 1446.
21  Contemporaneous to filing the notice of removal, Defendants have filed a motion seeking
22  screening of this complaint under 42 U.S.C. § 1997e(g) (docket no. 2).  That motion is
23  now GRANTED (docket no. 2).
24         The gravamen of the complaint is that while Plaintiff was in the Security Housing
25  Unit at Pelican Bay, Defendants disposed of Plaintiff's "manuscript-artwork, poems,
26  writings, etc." without providing Plaintiff with notice and an opportunity to mail home,
27  donate or dispose of his property, as required under California state regulations.  Plaintiff
28  contends this failure to provide him with notice and a process by which to dispose or
    remove his property violated his rights under state law and under the First, Fifth, Sixth

and Fourteenth Amendments to the Federal Constitution. Plaintiff seeks compensation for the loss of his property.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   Claims

In his ten page complaint, Plaintiff asserts a claims against the named Defendants for failing to provide him with the required notice and opportunity to mail or donate his manuscript before disposing of it as required by state regulations, thereby resulting in the permanent loss of his property.  Although Plaintiff states in the complaint that his claims arise under the First, Fifth, Sixth, and Fourteenth Amendments, Plaintiff's complaint fails to state a federal claim for relief under those provisions of the Constitution.

Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest.  *See Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 19 (1978).  However, neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized.  *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other*

1  *grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S.

2  517, 533 (1984) (intentional destruction of inmate's property).  The availability of an

3  adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it

4  provides sufficient procedural due process.  *See Zinermon v. Burch*, 494 U.S. 113, 128

5  (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to,

6  deprivation statutory provision for post-deprivation hearing or common law tort remedy

7  for erroneous deprivation satisfies due process); *King v. Massarweh*, 782 F.2d 825, 826

8  (9th Cir. 1986) (same).  California law provides such an adequate post-deprivation

9  remedy.  *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't

10  Code §§ 810-895).  Therefore, where a prison official acts in a random and unauthorized

11  manner to deny an inmate his property (that is, he fails to act in accord with established

12  prison procedures), the claim must be pursued in state, not federal, court.  As Plaintiff

13  here alleges that prison officials failed to provide him with the required process before

14  depriving him of his property, Plaintiff fails to state a due process claim.

15      Moreover, Plaintiff's complaint fails to otherwise state a claim for relief under the

16  Federal Constitution.  Although Plaintiff's complaint states that the action arises under

17  the First, Fifth, Sixth and Fourteenth Amendments, there are no allegations in the

18  complaint which state a claim under those provisions of the Constitution, other than the

19  due process claim set forth above.  The mere fact that the deprivation of property suffered

20  by Plaintiff was of his written manuscript does not suffice to state a claim under the First

21  Amendment; nor does Plaintiff make any allegations that appear intended to state a claim

22  under that Amendment.  Moreover, there is nothing in the complaint that appear to refer

23  to a claim under the Sixth Amendment, as the allegations do not relate to provision of

24  counsel in a criminal proceeding.  Similarly, there is nothing in the complaint that states a

25  claim under the Fifth Amendment, unless Plaintiff was alluding to the Takings Clause of

26  the Fifth Amendment.  However, Plaintiff does not allege in his ten page complaint either

27  that the property was "taken" by the state, or that the manuscript was taken for public use.

28  Rather, Plaintiff alleges that the prison disposed of his manuscript, which does not state a

claim under the Fifth Amendment. As such, upon this Court's review, Plaintiff's complaint fails to state a claim for relief under federal law.

C.   Jurisdiction

As a general matter, defendants may remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). The propriety of removal thus depends on whether the case originally could have been filed in federal court. *See id.* Under 28 U.S.C. § 1331, the district courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Once the case is removed, the district court has original jurisdiction over the claims arising under federal law, and may exercise supplemental jurisdiction over the accompanying state law claims so long as those claims constitute "other claims that . . . form part of the same case or controversy." *Id.* at 165 (quoting 28 U.S.C. § 1367(a)). However, absent a federal basis for jurisdiction over some claims, removal of the case to federal court is improper.

In this case, where Defendants have removed a case that fails to state a proper claim for relief under federal law, federal jurisdiction is now lacking. As such, the Clerk of Court shall forthwith REMAND this case to the Superior Court of the State of California in and for the County of Del Norte for further proceedings.

IT IS SO ORDERED.

DATED: May 17, 2006

_____
JEFFREY S. WHITE
United States District Judge

4